[No. 9487.   Department Two. — November 30, 1886.]

## S. B. EMERSON, RESPONDENT, *v.* JOHN BERGIN, APPELLANT.

MARRIED WOMAN—SEPARATE PROPERTY—LICENSE—INTERFERENCE BY HUSBAND. — Where a married woman has licensed a third person to conduct water across her lands, her husband, in the absence of any direction or authorization from her, has no power to interfere with the works used by the licensee in conducting the water.

JUDGMENT—APPEAL—TIME FOR TAKING—DISMISSAL. — An appeal from a judgment, if taken more than a year after its entry, will be dismissed.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion.

*S. O. Houghton,* for Appellant.

*G. A. Heinlen,* and *McKisick & Rankin,* for Respondent.

BELCHER, C. C.—This action was commenced to obtain a perpetual injunction restraining the defendant from obstructing the flow of water into a pipe leading from a distributing cistern on land owned and occupied by the wife of defendant to land owned and occupied by plaintiff.

By his answer defendant admitted that he had obstructed the flow of water into the pipe, as alleged in the complaint, and then set up certain facts to show that he was justified in so doing.

At the trial, after the first witness was sworn and had

commenced giving his testimony, the defendant objected to the admission of any testimony under the complaint; but no reason was stated why the testimony was not admissible, and the objection was overruled.

At the conclusion of the trial, findings were filed and judgment entered in favor of plaintiff. The defendant moved for a new trial, and his motion being denied, appealed from the judgment and order.

It is now claimed that the complaint did not state facts sufficient to constitute a cause of action, and that the court erred in admitting any testimony in support of it. Doubtless the complaint might have been improved in some respects, but in the absence of a demurrer, we think it sufficient and the ruling proper.

The court found that plaintiff had complied with the terms of the agreement made between him and defendant in November, 1879, and there was testimony tending to support the finding. It is argued, however, for the appellant, that the defendant had no interest in the land, and so the agreement, though executed by him, conferred no rights whatever on the plaintiff. Assuming this to be so, it becomes unnecessary to consider what rights the agreement would, if valid, have conferred upon the plaintiff, and the case may be decided upon the other facts presented by the record.

The other facts are as follows: In 1865 one Robert McCubbin and the plaintiff owned farms situate upon a stream known as the Arroyo Permanente, McCubbin's farm being higher up the stream than the plaintiff's. In that year, under an agreement made with other owners of land upon the stream, McCubbin and plaintiff went above their farms and constructed a dam across the stream, and by means of a flume and pipes, diverted its waters to their respective farms, to be there used for domestic and other purposes. The plaintiff paid one half of the expense of the dam and flume down to the point where McCubbin used the water, and all of the ex-

pense thence on to his own farm, and each of the parties took one half of the water diverted. In 1868 McCubbin sold his farm to George Donner, and in 1872 Donner sold to Francisca Price, who is now the wife of defendant, and, as defendant alleges in his answer, "is now the owner and in the exclusive possession" of the said property. From 1865 until June, 1881, the water flowed through the flume and pipes, and was distributed to the two farms, one half to each, without objection or complaint from any one. In June, 1881, the plaintiff repaired the flume, and placed upon the land of Mrs. Bergin a distributing cistern, into which all of the water was conducted. To distribute the water from the cistern, he inserted in the side of it, and on the same level, two wooden pipes of the same size and capacity to carry water, and then covered and locked the cistern up. One of the pipes took water to the point where Mrs. Bergin used it, and the other to the farm of plaintiff. The water continued to run through these pipes until the fourteenth day of July, 1881, and the court finds that all the water which came into the cistern "would be and was equally divided, and one full half of the water so flowing into said cistern and so divided would, and did, flow through one of said pipes to and into an open flume, out of and from which the defendant could use the same for his or for his and his wife's own purposes." On the last-named day the defendant, without notice to the plaintiff, so far as appears, without any direction or authority from his wife, broke open the cistern and plugged up the pipe leading to plaintiff's farm, thereby obstructing the flow of any water through it. This action was commenced on the next day.

Conceding now that plaintiff had only a license to conduct water across the land of defendant's wife, which was subject to be revoked at any time, still no mere volunteer had any right to interfere with his works. Mrs. Bergin, and not the defendant, owned the property, and if the

plaintiff had only a license, she could have revoked it. So, too, if the cistern was not placed upon her land with her consent, and she was not satisfied with the method of distributing the water, she could have required the cistern to be removed. But the defendant had no such power. He does not allege or pretend that he was acting by her direction or under her authority, and hence he had no greater rights in the premises than a mere stranger.

The court below acted rightly, therefore, in enjoining him from further interference.

The appeal from the judgment was taken more than a year after the judgment was entered, and should be dismissed, and the order denying a new trial should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the appeal from the judgment is dismissed, and the order affirmed.

Hearing in Bank denied.